| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> **Caption in compliance with D.N.J. LBR 9004-1(b)** <br> **SHERMAN, SILVERSTEIN,** <br> **KOHL, ROSE & PODOLSKY, P.A.** <br> Bruce S. Luckman <br> Ross J. Switkes <br> 308 Harper Drive, Suite 200 <br> Moorestown, New Jersey 08057 <br> Telephone: (856) 662-0700 <br> Email: bluckman@shermansilverstein.com <br>         rswitkes@shermansilverstein.com <br><br> - and – <br><br> **ARNALL GOLDEN GREGORY LLP** <br> Darryl S. Laddin <br> Frank N. White <br> 171 17th Street, NW, Suite 2100 <br> Atlanta, Georgia 30363 <br> Telephone: 404-873-8120 <br> Email: darryl.laddin@agg.com <br>         frank.white@agg.com <br><br> *Attorneys for Defendants American Express Company, American Express Travel Related Services Company, Inc., and American Express National Bank* | |
| In Re: <br><br> QUALITY KITCHENS OF PHILADELPHIA, INC., <br><br>      Debtor. | (Judge: John K. Sherwood) <br><br> Chapter 7 <br><br> Case No. 22-10462 (JKS) |
| BENJAMIN A. STANZIALE, Jr., Chapter 7 Trustee for Quality Kitchens of Philadelphia, Inc., <br><br>      Plaintiff, <br> v. <br><br> AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., AMERICAN EXPRESS NATIONAL BANK, STEPHEN EARL, JONATHON EARL, and DAVID EARL, <br><br>      Defendants. | Adv. Pro. No. 24-01036 (JKS) |

1

**ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS OF DEFENDANTS AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. AND AMERICAN EXPRESS NATIONAL BANK**

Defendants American Express Company, American Express Travel Related Services Company, Inc. and American Express National Bank (collectively, "American Express"), by and through their undersigned counsel, submits their Answer and Affirmative Defenses in response to Plaintiff's *Amended Complaint* [DE No. 11] (the "Complaint") filed in the above-captioned adversary proceeding.

**ANSWER**

American Express answers the individually numbered paragraphs of the Complaint as follows:

**Jurisdiction and Venue**

1. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. American Express admits the allegations set forth in paragraph 3 of the Complaint.

4. American Express admits the allegations set forth in paragraph 4 of the Complaint.

5. American Express admits the allegations set forth in paragraph 5 of the Complaint.

6. American Express admits the allegations set forth in paragraph 6 of the Complaint.

7. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

**Parties**

8. American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 8 of the Complaint. Answering further, to the extent the Plaintiff relies on the terms, provisions and/or contents of a document, American Express states that the document referenced in paragraph 8 of the Complaint speaks for itself.

9. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint. Answering further, to the extent the Plaintiff relies on the terms, provisions and/or contents of a document, American Express states that the document referenced in paragraph 9 of the Complaint speaks for itself.

10. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint. Answering further, to the extent the Plaintiff relies on the terms, provisions and/or contents of a document, American Express states that the document referenced in paragraph 10 of the Complaint speaks for itself.

11. Answering paragraph 11 of the Complaint, American Express specifically admits that American Express National Bank and American Express Travel Related Services Company, Inc. are subsidiaries of American Express Company. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint, as its internal research and investigation into the subject matter of the Complaint are ongoing and not yet completed.

**Background Facts**

12. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, as its internal

3

research and investigation into the subject matter of the Complaint are ongoing and not yet completed.

14. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, as its internal research and investigation into the subject matter of the Complaint are ongoing and not yet completed.

15. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, as its internal research and investigation into the subject matter of the Complaint are ongoing and not yet completed.

17. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, as its internal research and investigation into the subject matter of the Complaint are ongoing and not yet completed.

18. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, as its internal research and investigation into the subject matter of the Complaint are ongoing and not yet completed.

20. American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint, as its internal research and investigation into the subject matter of the Complaint are ongoing and not yet completed.

22. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, as its internal research and investigation into the subject matter of the Complaint are ongoing and not yet completed.

**First Count**

23. American Express incorporates and repeats its responses to paragraphs 1 through 22 above as though set forth fully herein.

24. American Express denies the allegations set forth in paragraph 24 of the Complaint.

25. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. American Express denies the allegations set forth in paragraph 29 of the Complaint.

4863-5956-9069.v1

30. Answering paragraph 30 of the Complaint, American Express states that the referenced provisions of sections 544, 548 and 550(a) of the Bankruptcy Code, and the relief or recovery to which a trustee is potentially entitled thereunder, speak for themselves. American Express denies the remaining allegations set forth in paragraph 30 of the Complaint, if any, and denies that the Trustee is entitled to any of the referenced relief or recovery as against American Express.

**Second Count**

31. American Express incorporates and repeats its responses to paragraphs 1 through 30 above as though set forth fully herein.

32. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint, which in no way relate to or reference American Express.

33. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complain, which in no way relate to or reference American Express.

**Third Count**

34. American Express incorporates and repeats its responses to paragraphs 1 through 33 above as though set forth fully herein.

35. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint, which in no way relate to or reference American Express.

36. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint, which in no way relate to or reference American Express.

37. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, which in no way relate to or reference American Express.

### Fourth Count

38. American Express incorporates and repeats its responses to paragraphs 1 through 37 above as though set forth fully herein.

39. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint, which in no way relate to or reference American Express.

40. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint, which in no way relate to or reference American Express.

### AFFIRMATIVE DEFENSES

American Express asserts its Affirmative Defenses to the Complaint as follows:

### First Affirmative Defense

To the extent that American Express received any of the transfers at issue in the Complaint (the "Transfers"), American Express provided, and/or the Debtor received, full value and/or reasonably equivalent value in exchange.

### Second Affirmative Defense

To the extent that American Express received any of the Transfers, American Express took for, and/or the Debtor received, full value or reasonably equivalent value, and in good faith, and therefore such transfers are not voidable and/or American Express may retain any interest transferred to the extent of such value.

### Third Affirmative Defense

To the extent that American Express received any of the Transfers and American Express was not the initial transferee, Plaintiff cannot recover from American Express because American Express took the Transfers for value (the satisfaction of a debt) and in good faith.

### Fourth Affirmative Defense

Plaintiff cannot obtain a double-recovery in this proceeding of any Transfers that are recovered or determined to be recoverable from the co-Defendants in this proceeding, the principals or insiders of the Debtor, or from any persons or entities other than American Express.

### Fifth Affirmative Defense

Any claim by Plaintiff for recovery of the Transfers fails to the extent that such claim is time-barred by the applicable statute of limitation, and/or to the extent that such claim exceeds the reach-back period for avoidance and recovery of such transfers provided under the Bankruptcy Code and/or applicable state law.

### Sixth Affirmative Defense

American Express denies each and every allegation of the Complaint not expressly admitted or otherwise controverted or qualified, and further denies that Plaintiff is entitled to any relief o recovery whatsoever from American Express.

### Seventh Affirmative Defense

American Express reserves the right to assert any affirmative defense available under the

Bankruptcy Code or other applicable law, as may be discovered during the course of additional discovery and investigation.

**Eighth Affirmative Defense**

Plaintiff's claims for recovery fail to the extent that the transferor of any Transfers alleged in the Complaint was solvent at the time of the alleged Transfers.

WHEREFORE, American Express respectfully requests that the Court enter an Order dismissing the Complaint, including each and every claim or cause of action set forth therein, with prejudice, and denying any of the relief sought in the Complaint, or that judgment be rendered in favor of American Express and against the Plaintiff with respect to all matters before this Court, and that American Express be granted such other and further relief as the Court deems just, equitable, and proper.

**CROSS-CLAIMS**

Pursuant to Fed. R. Civ. P. 13(g), American Express asserts its Cross-Claims against co-Defendants Stephen Earl, Jonathan Earl and David Earl (collectively, the "Cross-Claim Defendants"), stating as follows:

Jurisdiction and Venue

1.  American Express' claims against the Cross-Claim Defendants are related to the above-captioned Chapter 11 bankruptcy case, are ancillary to the claims asserted by Plaintiff against American Express in the above-captioned adversary proceeding, and arise out of the same transactions and occurrences that are alleged by the Plaintiff therein. Moreover, the core of facts alleged to support the claims asserted by Plaintiff against American Express activate legal rights

9

in favor of American Express that would otherwise remain dormant. Therefore, this Court has subject matter jurisdiction over these Cross-Claims.

2. Venue is proper in this Court under 28 U.S.C. § 1409(a).

<u>Background Facts</u>

3. Plaintiff's Complaint asserts claims against American Express, and seeks a recovery based on allegations that, among other things, each of the Cross-Claim Defendants placed substantial charges on one or more "American Express" credit card accounts that were solely for their personal purposes, enjoyment and benefit; that such charges were then paid to American Express by the Debtor, while it was insolvent, and in some instances notwithstanding that the Debtor had no payment obligations to American Express and/or itself derived no value or benefit from the charges or the goods and services purchased in connection therewith; and that such payments to American Express by the Debtor are accordingly avoidable and recoverable by the Plaintiff, and from American Express as transferee, as fraudulent transfers, as more particularly described in the Plaintiff's Complaint.

4. American Express denies liability to Plaintiff on the claims asserted in his Complaint, on numerous, separate and independent grounds. To the extent that any liability is adjudicated to exist, however, or American Express (in the exercise of its business judgment and in connection with a compromise and settlement of the Plaintiff's claims) otherwise returns any of the transfers referenced in the Complaint or portions thereof, American Express brings the following cross-claims against the Cross-Claim Defendants and seeks to recover the full amount of any ultimate liability or loss of American Express on the Plaintiff's claims.

**COUNT I**
**(BREACH OF CONTRACT)**

5. American Express re-alleges and incorporates its allegations contained in paragraphs 1 through 4 above as if fully set forth herein.

6. American Express denies that Plaintiff is entitled to a judgment on the claims as demanded in his Complaint, or that Plaintiff is entitled to any recovery or relief as to American Express, entirely or in significant part.

7. In connection with transfers by the Debtor to any of the "American Express" credit card accounts referenced or otherwise determined to be at issue in the Complaint, if the Plaintiff is entitled to recover from American Express on the basis of the allegations contained in the Complaint, or American Express otherwise returns any of the transfers referenced in the Complaint or portions thereof, then any of the Cross-Claims Defendants who are direct contractual obligors on those accounts, including without limitation Stephen Earl and Jonathan Earl, is liable over to American Express and/or will be liable to American Express for a debt that will consequently be rendered unpaid, past due and owing directly by that Cross-Claim Defendant as a matter of contract, in the same amount of such recovery against or loss by American Express.

8. In connection with the issuance of a personal "American Express" credit card account to any of the Cross-Claim Defendants, American Express entered into a valid contract with that Cross-Claim Defendant known as the American Express Cardmember Agreement (the "CMA").

9. American Express has fully performed all of its obligations under any CMAs with the Cross-Claim Defendants.

10. Pursuant to the terms of any such CMAs, each of the Cross-Claim Defendants to whom a personal "American Express" credit card account was issued is directly and personally

11

liable to American Express for any and all charges incurred on any cards issued on that account, regardless of the purpose of the charge.

11. Accordingly, any such Cross-Claim Defendant was and is directly, personally and unconditionally obligated to pay all charges incurred and owing on the affected account, and to do so in good and indefeasible funds delivered to American Express.

12. In addition, and to the extent that any of the Cross-Claim Defendants were issued cards on any Corporate Card accounts issued to the Debtor, they are or may be directly and personally liable to American Express, under the operative American Express Corporate Card Agreement governing such account, for any charges incurred on such accounts for their personal purposes and benefit.

13. Accordingly, and to the extent of any direct contractual liability to American Express under either the CMA applicable to a personal credit card account or an American Express Corporate Card Agreement, if Plaintiff is entitled to recover transfers on account of personal or other charges placed on any accounts that were paid with transfers by the Debtor, or American Express otherwise returns any of such transfers or portions thereof, then the Cross-Claim Defendants are or consequently shall be personally liable over to American Express for a debt that will be rendered unpaid, past due and owing directly by those Cross-Claims Defendants as a matter of contract, in the same amount of such recovery against or loss by American Express.

WHEREFORE, American Express respectfully requests that the Court enter judgment against the Cross-Claim Defendants, and in favor of American Express, in the same amount of any judgment rendered against or satisfaction obtained by Plaintiff from American Express, plus any

12

4863-5956-9069.v1

associated interest, costs and attorney's fees, and that American Express be granted such other and further relief as the Court deems just, equitable, and proper.

### COUNT II
### (UNJUST ENRICHMENT)

14. American Express re-alleges and incorporates its allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

15. American Express denies that Plaintiff is entitled to a judgment on the claims as demanded in his Complaint, or that Plaintiff is entitled to any recovery or relief as to American Express, entirely or in significant part.

16. This Count II is pleaded in the alternative to Count I, and intended to apply only if any of the Cros-Claim Defendants is for some reason determined not to be directly liable to American Express as a matter of contract for charges on any accounts referenced or otherwise determined to be at issue in the Complaint.

17. Solely in that event, and notwithstanding any determination that any of the Cross-Claim Defendants is not contractually liable to American Express, American Express conferred substantial benefits on such Cross-Claim Defendants through their use of the affected credit card accounts over the period at issue, including to purchase goods and services as alleged by Plaintiff and referenced above, solely for their personal use, enjoyment and benefit.

18. Plaintiff alleges in his Complaint, however, that all such charges to the affected credit card accounts were paid by the Debtor, rather than with personal funds of the Cross-Claim Defendants, and are avoidable and recoverable from American Express as fraudulent transfers. If Plaintiff is entitled to recover from American Express on the basis of the allegations and claims asserted in his Complaint, or American Express otherwise returns any of such transfers referenced

or portions thereof, then to the same extent of any such recovery from or loss by American Express, American Express – having previously advanced funds to all of the merchants from whom such Cross-Claim Defendants purchased goods and services using the affected credit card accounts -- will be the party ultimately to have funded and paid those charges.

19. To such extent, the Cross-Claim Defendants were conferred material benefits in connection with each of their personal or otherwise avoidable charges to the affected credit card accounts, of which each of them was well aware, and they will have been significantly enriched, entirely at American Express' expense, by receiving, accepting and retaining the benefits of valuable goods and services for which they have never paid, and for which American Express ultimately will have been required to bear the cost.

20. In that event, the circumstances are such that permitting the Cross-Claim Defendants to retain the value and benefits of such personal and other avoidable charges would be inequitable and unjust, and on that basis they consequently are liable over to American Express to the full extent that American Express is either liable to Plaintiff, or American Express otherwise returns any of the transfers referenced in the Complaint or portions thereof, as a result of the charges placed on the affected credit card accounts.

WHEREFORE, American Express respectfully requests that the Court enter judgment against the Cross-Claim Defendants, and in favor of American Express, in the same amount of any judgment rendered against or satisfaction obtained by Plaintiff from American Express, plus any associated interest, costs and attorney's fees, and that American Express be granted such other and further relief as the Court deems just, equitable, and proper.

14

4863-5956-9069.v1

**STATEMENT PURSUANT TO FED. R. BANK. P. 7008**

American Express states that it consents to entry of final orders or judgment by the Bankruptcy Court in this proceeding.

Dated: April 5, 2024          Respectfully submitted,

By: */s/ Ross J. Switkes*
**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**
Bruce S. Luckman
Ross J. Switkes
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email: bluckman@shermansilverstein.com
      rswitkes@shermansilverstein.com

-and-

**ARNALL GOLDEN GREGORY LLP**
Darryl S. Laddin
Frank N. White
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Telephone: (404) 873-8500
Email: darryl.laddin@agg.com
      frank.white@agg.com

*Attorneys for Defendants American Express Company, American Express Travel Related Services Company, Inc. and American Express National Bank*

15